F I L E D

CLERK OF COURT

2026 JUL 17 AM 9: 20

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**JOHN DOE 2025-00030517 aka George Pangelinan aka Earwin Sablan,**<br><br>Defendant. | CRIMINAL CASE NO. CM0458-25<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on June 2, 2026, for hearing on Defendant **JOHN DOE 2025-00030517 aka George Pangelinan aka Earwin Sablan's** ("Defendant") Motion to Dismiss on De Minimis Grounds. Present were Assistant Attorney General Martin Remming on behalf of the People of Guam ("the Government") and Defendant with counsel, Assistant Public Defender Adam Gunkel. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

Defendant is charged with one count of Criminal Trespass (As a Petty Misdemeanor) as follows:

On or about December 3, 2025, in Guam, JOHN DOE 2025-00030517 (aka George Pangelinan, Earwin Sablan) did commit the offense of *Criminal Trespass (As a Petty Misdemeanor)*, when knowing that he was not licensed or privileged to do so, he did enter or remain in any place as to which notice against trespass was given by actual communication to the Defendant, defying an order to leave personally

communicated to him by an authorized person, in violation of 9 GCA § 37.30(a) and (b)(1).

(Magistrate's Compl., Dec. 4, 2025).

On May 1, 2026, Defendant filed a Motion to Dismiss on De Minimis Grounds ("Motion to Dismiss") and a Declaration in support of the Motion. On May 13, 2026, the Government filed its Opposition. On May 18, 2026, Defendant filed his Reply. On June 2, 2026, the Court heard brief arguments on the Motion and subsequently placed the matter under advisement.

## DISCUSSION

Under Guam law:

> The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:
>
> > (a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;
> >
> > (b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
> >
> > (c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. The court shall not dismiss a prosecution under this Subsection without filing a written statement of its reasons.

9 G.C.A. § 7.67. Section 7.67 "directs the trial court to dismiss a prosecution if it finds that the defendant's conduct falls within *at least one* of three distinct circumstances." *People v. Perez*, 2004 Guam 4 ¶ 9 (emphasis in original). The "statute recognizes that it would be unrealistic to believe that judges never enter a finding of not guilty even though guilt is proven where a conviction is considered to be inappropriate, and therefore authorizes the trial court to mitigate the general provisions of the criminal law to prevent absurd applications." *Id.* at ¶ 10 (quoting 9 G.C.A. § 7.67 commentary).

Defendant moves the Court to dismiss this matter under 9 G.C.A. § 7.67(b). *See* Mot. Dismiss, fn. 1, May 1, 2026. Defendant argues that dismissal is warranted because he was a

resident of the Las Palmas complex and therefore entitled to access the dumpster area where the alleged trespass occurred. *See generally,* Mot. Dismiss. The Government opposes, arguing that dismissal is inappropriate because "Defendant alleged remained on the property after being expressly told to leave by security personnel responsible for the premises." (Opp'n at 2, May 13, 2026). The Government also sets forth that "[w]hether Defendant was lawfully authorized to remain on the property is a factual dispute more appropriately resolved through the normal adjudicative process rather than dismissal at this stage." *Id.*

Section 7.67(b) authorizes dismissal where a defendant's conduct "[d]id not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction." 9 G.C.A. § 7.67(b). Here, the Court examines the risk of harm to which society is exposed to by the defendant's conduct. *See People v. Perez,* 2004 Guam 4 ¶ 12 (citation omitted). For purposes of this motion, the Court assumes as true all the factual allegations against Defendant. *See People v. Perez,* 2004 Guam 4 ¶ 16 (quoting *Zarrilli,* 523 A.2d at 286) ("it must be assumed that the conduct charged actually occurred' because '[t]he motion does not provide a setting for a determination of guilt or innocence.'").

The Declaration attached to the Magistrate's Complaint sets forth the following facts. On or about November 23, 2025, Defendant was encountered on the Las Palmas premises near the Rubbishman trash bin by a security guard, instructed to leave, and told not to return to the property. (Decl. of Curtis C. Van de veld, Magistate's Compl., Dec. 4, 2025). Defendant responded by jumping into the trash bin and was ultimately removed from the premises. *Id.* On December 3, 2025, security reported a suspicious person in the same vicinity to the Guam Police Department. *Id.* Officer Henrickson made a check of the premises around 4:40 a.m. and located Defendant inside the blue Rubbishman trash bin after hearing banging from the inside. *Id.* Defendant exhibited bizarre behavior, jumping up and down and giving conflicting names. *Id.* When asked if his name was Earwin Sablan, Defendant responded "Sir, that's not my name, I mean it's Sablan and I got kicked out but can't a homeless person live in peace in the rubbish

man?" *Id.* When Officer Henrickson further inquired about Defendant's name, Defendant refused to identify himself, and would only state his date of birth. *Id.*

Upon review, the Court finds that Defendant's conduct did not fall within the scope of section 7.67(b). Defendant had been previously removed from the property and instructed not to return. His decision to return at an early morning hour, conceal himself inside a trash bin, refuse to identify himself, and engage in erratic behavior implicates precisely the harm the trespass statute seeks to prevent. Although the trespassing involved a dumpster and no contraband, weapons, or violence, the conduct was neither harmless nor trivial. The Court further finds that whether Defendant had lawful authority to be present in that specific area presents factual disputes inappropriate for resolution through a de minimis dismissal. Accordingly, the Court DENIES Defendant's Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss on De Minimis Grounds.

**IT IS SO ORDERED** this 17th day of July, 2026.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam